1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TOMAS E. MARGAIN, Bar No. 193555
Justice at Work Law Group
84 West Santa Clara Street, Suite 790
San Jose, CA 95113
Telephone: (408) 317-1100
Facsimile: (408) 351-0105
Tomas@JAWLawGroup.com

Attorneys for Plaintiff
DAVID GAUTHIER

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

DAVID GAUTHIER

          Plaintiff

v.

GENMOR PLUMBING, INC. and GENARO

DELGADILLO MORALES

          Defendant(s)

Case No.:  14-3920

**COMPLAINT & DEMAND FOR JURY TRIAL**

Federal FLSA Claim:
          1. Failure to pay overtime: 29 U.S.C. §§ 207, 216(b), and 255(a);
California State Claims:
          2.  Failure to pay overtime and for all hours worked (California Labor Code §§ 1194(a); 1815);
          3. Failure to Provide Accurate Pay Stubs and Records (California Labor Code § 226);
          4.  Failure to Pay Wages Due at End of Employment (California Labor Code §§ 201, 203);
          5. Breach of Contract;
          6. Unfair Business Practices (Failure to Pay Wages) California Business and Professions Code §§ 17200

JUSTICE AT WORK LAW GROUP
ATTORNEYS AT LAW

**COMPLAINT**

1

**NATURE OF CLAIM**

1. This is an action by Plaintiff DAVID GAUTHIER under the Fair Labor Standards Act, and with pendant California State Claims, who worked as a service plumber for Defendants GENMOR PLUMBING, INC. and GENARO DELGADILLO MORALES (hereinafter "GENMOR DEFENDANTS") who operate a construction company specializing in residential and commercial plumbing and re-piping.   Plaintiff asserts claims against Defendants, his employers, for unpaid overtime wages, unpaid wages, premium wages for denied meal and rest breaks, interest, penalties, damages and attorneys' fees and costs arising out of the failure to pay all wages for labor discharged including but not limited to overtime wages as required by the Fair Labor Standards Act and California law.   Plaintiff seeks compensatory damages for unpaid wages in addition to liquidated damages under 29 U.S.C. § 216(b), waiting time penalties under California Labor Code § 203, penalties under California Labor Code § 226 (wage stub violations), for breach of contract, attorney's fees, costs, and pre-judgment interest pursuant to California Labor Code §1194(a) and 29 U.S.C. § 216(b).   Moreover, Plaintiff is making a claim under California's Unfair Competition Act, which allows for a recovery over a four year statute of limitations based on unfair, unlawful, or fraudulent acts.

2. Plaintiff's claims can be summarized as follows:

(a)   Failure to pay overtime wages: When Plaintiff worked more than 8-hours in a day (Cal. Labor Code sections 510 & 1194) or 40-hours in a week (FLSA), DEFENDANTS did not pay him overtime wages for all hours worked and at an overtime rate of pay.   Plaintiff was for a time paid a salary and worked overtime hours.   He also worked weekends and over 40 hours a week and was not always paid overtime hours.

(b)   Failure to Pay for All Hours Worked (Labor  Code): Plaintiff was not paid for all hours worked.   DEFENDANTS at times banked his hours or applied them to a car loan made to

JUSTICE AT WORK LAW GROUP
ATTORNEYS AT LAW

Plaintiff.   Other times, he worked on weekends of a service call and was not paid for all compensable labor.

(c)     Breach of Contract: Plaintiff makes a claim on two distinct contracts.   The first was a contract that if he was on call on a weekend, he would be paid at least for 4-hours if he received a weekend service call or at least 8-hours if the weekend service calls were for more than 4 hours of work or were multiple calls at different times of the day.   The second was a contract to receive 10% of the revenue generated from services that arose from a service call.

(d)     Penalties, Liquidated Damages, Interest and Attorneys Fees and Costs for the above.

**SUBJECT MATTER JURISDICTION AND VENUE**

3. This Court is a proper venue, since events giving rise to this lawsuit have occurred in this district.

4. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. and the pendant jurisdiction of this Court.  DEFENDANTS' gross sales meet the jurisdictional minimum of the Fair Labor Standards Act and their business involves products that move through interstate commerce.

**PARTIES**

5. Plaintiff was, and at all relevant times herein is, an individual over the age of eighteen employed by GENMOR DEFENDANTS during the statute of limitations in this action.  Plaintiff is informed and believes and therefore alleges, that at all times mentioned herein GENMOR DEFENDANTS are engaged in the Construction business in Northern California.   Plaintiff is informed and believes and therefore alleges, that through November 2007, he was employed by Defendants.  Claims are made as against Defendant MORALES as a common law employer and employer under the Fair Labor Standards Act and California Labor Code.

1

**GENERAL ALLEGATIONS**

2

6. GENMOR DEFENDANTS employed Plaintiff at all relevant times within the statute of

3

limitations for this action as a plumber primarily as a service and repair plumber.

4

7. GENMOR DEFENDANTS did not properly record all of the hours worked by Plaintiff

5

under the FLSA and California law. GENMOR DEFENDANTS at first paid Plaintiff and hourly

6

wage with wage stubs. During this time, Plaintiff and Defendants agreed and entered into an

7

oral contract wherein Plaintiff would work on call Saturday and Sundays for emergency service

8

work. On these occasions, GENMOR DEFENDANTS agreed to pay Plaintiff a minimum of 4-

9

hours or 8-hours depending on whether the job was more or less than 4-hours or work. For

10

example a 3-hour service call would be paid for 4-hours and service calls of more than four

11

hours would be paid for 8-hours.

12

8. As Plaintiff worked more hours GENMOR DEFENDANTS decided to put him on a

13

salary. That is he would get a lump sum payment for all hours worked. They also agreed to pay

14

him 10% of the sales he could generate from a service call. For example, if a customer called

15

with a sink issue and Plaintiff was able to have the client re-pipe the house or install a tank less

16

water heater, 10% of the sale would go to Plaintiff.

17

9. To further complicate the accounting, at some point GENARO DELGADILLO

18

MORALES helped Plaintiff buy a personal truck. The parties entered into a car loan whereby

19

DEFENDANTS would take a part of Plaintiff's wages to pay the loan off.

20

10. GENMOR DEFENDANTS did not pay overtime wages under the FLSA (after 40 hours

21

in a week) or California law (after 8-hours in a day). The pay stubs would not list all hours

22

worked. Said failure to acknowledge the correct amount of hours that Plaintiff was working and

23

in not paying overtime wages when due and owing was willful and intentional for purposes of

24

25

26

27

28

**COMPLAINT**                                           4

liquidated damages under the FLSA and waiting time penalties under California Labor Code section 203.

11. GENMOR DEFENDANTS breached their contract to Plaintiff to pay him a minimum of 4 or 8 hours for weekend calls.

12. GENMOR DEFENDANTS breached their contract to Plaintiff to pay him 10% of the revenue generated from sales on service calls.

13. GENMOR DEFENDANTS also represented that they were taking out deductions from Plaintiff's pay to transmit them to taxing authorities, State and Federal, and agencies such as EDD and Social Security. Based on information and belief, all the deductions were not properly transmitted.

## COUNT ONE

### FEDERAL CLAIM
*Violation of the Fair Labor Standards Act*
*29 U.S.C. §§ 207, 216(b), and 255(a)*
*Failure to Pay Overtime Wages and for all hour worked*

14. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-12 as if fully stated herein.

15. At all relevant times herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

16. The GENMOR DEFENDANTS operate a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

17. GENMOR DEFENDANTS routinely required and/or suffered or permitted Plaintiff \ to work more than 40 hours per week without paying all of his wages for such overtime work. In Plaintiff's case this occurred because he was not paid for all hours while an hourly worker and by operation of law not paid overtime while misclassified as a salaried employee.

**COMPLAINT** 5

18. In failing to pay Plaintiff overtime wages at one-and-one-half times his regular rate of pay, GENMOR DEFENDANTS willfully violated the FLSA.

19.  As a direct and proximate result of GENMOR DEFENDANTS' failure to pay the Plaintiff's proper wages under the FLSA, Plaintiff incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

20.  GENMOR DEFENDANTS intentionally, with reckless disregard for its responsibilities under the FLSA, and without good cause, failed to pay Plaintiff her proper wages, and GENMOR DEFENDANTS are thus liable to Plaintiff for liquidated damages in an amount equal to his lost wages over a three year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

21.  Plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to the FLSA.

**COUNT TWO**
**PENDENT STATE CLAIM**
*Violation of California Labor Code §§ 510, 1194, 1197, 1771 and 1774*
*Failure to Properly Pay Overtime Wages and for all hours worked*

22. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-20 as if fully stated herein.

23.  At all times mentioned herein, the GENMOR DEFENDANTS were subject to the overtime wage laws of the State of California pursuant to Labor Code §510, regarding work undertaken for GENMOR DEFENDANTS. Pursuant to Labor Code §510, GENMOR DEFENDANTS had a duty to pay its employees, including Plaintiff not less than the one and one-half times his contractually agreed upon regular rate of pay for all hours worked in excess of 8 hours a day and 40 hours a week.

24. Pursuant to Labor Code § 1194, for his work for GENMOR DEFENDANTS, Plaintiff seeks as earned but unpaid overtime wages and wages for all hours worked  payment as one and a

JUSTICE AT WORK LAW GROUP
ATTORNEYS AT LAW

half times the regular rate for hours worked in excess of 8 hours a day or 40 hours a week. Plaintiff is entitled to and therefore requests an award of pre-judgment interest on the unpaid wages set forth herein.

25. Plaintiff was not paid for all hours worked.   This also includes deductions taken from wages that were not peroperly transmitted to taxing authorities.

26. As a result of GENMOR DEFENDANTS violations of statutory duties, as more fully set forth above, Plaintiff earned but was not paid wages in an amount above the jurisdictional limits of this court.

27. Plaintiff is entitled to and therefore requests an award of pre-judgment interest on the unpaid wages set forth herein.

28. Plaintiff has incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demands such reasonable attorneys' fees and costs as set by the court pursuant to California Labor Code § 1194.

**COUNT THREE**
**PENDENT STATE CLAIM**
*California Labor Code § 226*
*Wage Stubs and Record Keeping*

29. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-27 as if fully stated herein.

30. At all times relevant hereto, GENMOR DEFENDANTS were subject to the provisions of California   Labor Code §§ 226, which requires an employer to provide each employee with written periodic wage payment setting forth, among other things, the dates of labor for which payment of wages is made, the total hours of work for the pay period, the gross and net wages paid, all deductions from those wages, and the name and address of the employer.

31. GENMOR DEFENDANTS knowingly and intentionally failed to provide Plaintiff, with accurate, itemized wage statements in compliance with Labor Code §226. Such failures in

COMPLAINT                                                 7

GENMOR DEFENDANTS itemized wage statements including, among other things, not accurately showing the actual hours worked or rate for overtime hours worked and amount of overtime pay, in each pay period and/or incorrectly reporting gross wages earned.

32. As a direct result of GENMOR DEFENDANTS conduct, Plaintiff was provided with inaccurate paystubs. The Plaintiff is entitled to recover an amount to be proved at trial for actual damages, including that measured by the unpaid wages, of not less than $50.00 for an initial violation and $100.00 for a subsequent for each violation up to $4,000.00.

33. Plaintiff has incurred, and will continue to incur attorney fees in the prosecution of this action.

**COUNT FOUR**
**PENDENT STATE CLAIM**
*California Labor Code Section 203*
*Waiting Time Penalties*

34. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-32 as if fully stated herein.

35. At the time Plaintiff's employment at GENMOR DEFENDANTS' was terminated, GENMOR DEFENDANTS owed Plaintiff certain unpaid overtime wages as previously alleged, and such wages owed to Plaintiff were ascertainable at the time of termination.

36. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

37. As of this date, GENMOR DEFENDANTS have failed and refused, and continue to fail and refuse, to pay the amount due, thus making each such GENMOR DEFENDANTS liable to Plaintiff for penalties equal to thirty (30) days wages.

///

///

**COMPLAINT** 8

JUSTICE AT WORK LAW GROUP
ATTORNEYS AT LAW

**COUNT FIVE**
**PENDANT STATE CLAIM**
**BREACH OF CONTRACT**

38. Plaintiff incorporates all preceding paragraphs as though fully stated herein.

39. While employed by GENMOR DEFENDANTS Plaintiff entered into three distinct contracts.

40. The first was an oral contract to perform on call service work Saturday and Sundays. Under this contract, Defendants could contact Plaintiff at home and he would travel to a customer's home and take care of any plumbing emergency.  Given the disruptive nature of this work, where Plaintiff could not make plans, Defendants would pay Plaintiff a minimum of 4-hours for any call and if the call, or calls, lasted more than 4-hours for 8-hours of work.

41. The second was an informal car loan evidenced by many writings containing accountings given to Plaintiff.   Defendants purchased a pickup truck for Plaintiff to use as his personal vehicle and would deduct from his salary.  This made the accounting of payment for all hours worked, weekend service call hours, and even profit sharing as described below confusing as Plaintiff worked to earn wages and when he received his paycheck things did not seem to add up.

42. The third was a profit sharing arrangement wherein Plaintiff was to receive 10% of sales revenue generated during service call.  As an example, If Plaintiff replaced a kitchen faucet and noticed low water pressure and explained the cost and benefit of re-piping the house and the customer agreed to re-pipe the home, Plaintiff was to receive 10% of the revenue of the sale.

43. GENMOR DEFENDANTS made a valid and binding offer on the three contracts detailed above.

44. Plaintiff accepted the offer by performing labor under the contracts.

45. The consideration set forth in the agreements was fair and reasonable.

46. Defendants breached the agreements by not making payment as agreed.

**COMPLAINT**

47. As a result of Defendants' breach, Plaintiff was not paid all wages due and owing.

48. By reason of Defendants' breach, Plaintiff has suffered damages in the amount of $5420.00.

49. As of this date, GENMOR DEFENDANTS have failed and refused, and continue to fail and refuse, to pay the amount due.

**COUNT SIX**
**PENDENT STATE CLAIM**
*Violation of California Business & Professions Code §17200*
*Restitution for Unfair Business Practices*

50.     PLAINTIFF re-alleges and incorporates the allegations of paragraphs 1-48 as if fully stated herein.

51.     At all times relevant herein, Plaintiff's employment with GENMOR DEFENDANTS were subject to FLSA, California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid certain overtime for work performed in excess of 40 hours per week or 8-hours in a day. Said laws also required payment for all hours worked.

52.     At all times relevant herein, the employer of the PLAINTIFF, GENMOR DEFENDANTS were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the PLAINTIFF, including members of the general public, certain overtime pay as required by applicable state and federal laws, to all of which PLAINTIFF, including members of the general public, were legally entitled, with GENMOR DEFENDANTS keeping to themselves  the amount which should have been paid to PLAINTIFF, including members of the general public.

53.     In doing so, GENMOR DEFENDANTS violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, IWC Wage Orders, and the FLSA, and thus giving them a

competitive advantage over other employers and businesses with whom GENMOR

DEFENDANTS were in competition and who were in compliance with the law.

54.     As a direct and proximate result of GENMOR DEFENDANTS' violations and

failure to pay the required wages and overtime pay, the PLAINTIFF's rights under the law were

violated and the PLAINTIFF, including members of the general public, incurred general

damages in the form of unpaid wages in amount to be proved at trial.

55.     GENMOR DEFENDANTS  made a scheme to avoid paying wages by not paying

wages after 8-hours of work.  GENMOR DEFENDANTS have been aware of the existence and

requirements of the Unfair Trade Practices Act and the requirements of state and federal wage

and hour laws, but willfully, knowingly, and intentionally failed to pay PLAINTIFF, including

members of the general public, overtime pay.

56.     PLAINTIFF, including members of the general public, having been illegally

deprived of the overtime pay to which they were legally entitled, herein seek restitution of such

unpaid wages pursuant to the Business and Professions Code §17203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

  1.For compensatory damages for all wages earned but not paid, all overtime wages

 earned and not paid in the amount to be proved at trial;

 2. For liquidated damages per the FLSA equal to unpaid overtime wages;

 3. For pre-judgment interest of 10% on the unpaid overtime compensation under California

Labor Code §§ 1194(a);

 4. For payment of all hours worked including the weekend service hours;

 5. For an accounting on the payments made on the car loan;

 6. For an accounting on the 10% profit sharing sales agreement.

 7. For "waiting-time" penalties under California Labor Code §203.

COMPLAINT                                              11

8. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

9. For costs of suit herein;

7. For actual damages or a statutory penalty for non-compliant wage stubs; and

8. For such other and further relief as the Court may deem appropriate.

Dated:   August 29, 2014

Respectfully submitted,


By:   /s/ Tomas Margain
      Tomas Margain
        Attorneys for Plaintiff

JUSTICE AT WORK LAW GROUP
ATTORNEYS AT LAW

**COMPLAINT**

12